## 20256

**BANKERS TRUST OF SOUTH CAROLINA,** Respondent, v. Leroy J. BENSON, Appellant.

**BANKERS TRUST OF SOUTH CAROLINA,** Respondent, v. ROYAL INTERNATIONAL, INC., et al., Appellants.

(226 S. E. (2d) 703)

*Sherwood M. Cleveland, Esq.,* of *McKay, Sherrill, Walker & Townsend,* Columbia, *for Appellants,* 

*John H. Lumpkin, Jr., Esq.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for Respondent,* 

July 13, 1976.

NESS, Justice:

Appellants, Leroy Benson and Royal International, Inc., seek reversal of an order granting plaintiff-respondent, Bankers Trust, summary judgment.

On April 22, 1975, respondent served the appellants with a verified complaint. It alleged that appellant Leroy Benson had executed a promissory note, with his personal guar-

anty, on behalf of Royal International, Inc. and that demand for payment had been made. The appellant Benson timely answered and admitted the execution of the note, but denied that payment had not been made on the grounds that he did not have sufficient knowledge or information to admit or deny the amount, if any, of outstanding indebtedness.

On May 26, 1975, the respondent moved for summary judgment. A hearing was held on September 5, 1975, and the respondent presented the court with the promissory note, bank records and affidavits by a bank employee stating that no payment had been made on the note. Appellant resisted solely on the basis that subsequent to the execution of the note, all his interest in Royal International, Inc. had been transferred and the transferee corporation had denied him access to its books.

Principles of law governing summary judgment are assayed in *Title Insurance Company of Minnesota v. Christian et al.,* S. C. 1976, — S. E. (2d) —, Smith's 6/15/76, and will not be repeated. The only question in this appeal is whether appellant can rest upon his asseveration that a material issue of fact is created by reason of his lack of access to the corporate records of the transferee corporation.

Appellant has offered no explanation why he could not obtain the needed information through pretrial discovery. He did not seek a continuance under Circuit Court Rule 44(e). It provides the Court "may order a continuance to permit affidavits to be obtained or depositions to be taken, or make such other Order as is just." When, as here, the resisting party has had ample time to secure information relative to a potential defense and does not do so, or tender any reasonable excuse, there is little justification in postponing a decision on their merits. *Robin Construction Company v. United States,* 345 F. (2d) 610 (3rd Cir. 1965).

If a material issue of fact can be created by a denial based on ignorance of the facts and neglecting to pursue discovery, the office of summary judgment

would be mummified. Parties would be subjected to the burden of a trial merely because formal and pretended averments can not be separated from genuine factual controversies. Yet, the purpose of summary judgment was to expedite disposition of cases not requiring the services of a fact finder.

> Motions for summary judgment, rather than succoring dilatory exploitations, impose additional demands upon counsel. "The tools and devices of discovery are more than options and opportunities. Rule 56 (our Circuit Court Rule 44) expressly exacts them by negative compulsion on pain of judicial denouement—saying in effect, 'Meet these affidavit facts or judicially die.' Diligence in opposing a motion for summary judgment is required, for such a motion with supporting logistics and gear does not lose its thrust by an opponent's complacence." *Southern Rambler Sales, Inc. v. American Motors Corp.,* 375 F. (2d) 932, 937 (5th Cir. 1967); *King v. National Industries, Inc.,* 512 F. (2d) 29 (6th Cir. 1975); Wright & Miller, Federal Practice and Procedure, § 2740, p. 726 (1973).

Judgment affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.