*[735]
 
 ROBERTS, J.
 

 Plaintiff filed this action in District Court seeking damages of $1,085 plus interest from defendants for breach of a lease of office equipment. Plaintiffs motion for a summary judgment was denied and after trial to the court, judgment was entered for defendants. Plaintiff appeals assigning as the sole error the refusal of the trial court to grant summary judgment.
 

 Plaintiff, a Montana corporation, authorized to do business in Oregon, leased certain office equipment to defendant Pacific Empire Land Corp. As part of this transaction, defendants Irvine, Wate and Wilton White, Jr. signed a guaranty to plaintiff that Pacific Empire would fulfill its obligations under the lease. Defendant Corporation made no payments after January, 1974.
 

 Plaintiff filed this action seeking to recover the balance due alleged to be $1,085 plus interest. Defendant Wate, by way of a cross-claim, pleaded an indemnity agreement given to him and alleged that the third party defendants were liable to him for plaintiffs claim.
 

 Plaintiffs motion for a summary judgment was against defendant Wate only, and was denied by the trial judge although no counter affidavit was filed by Wate. At trial, plaintiff was unable to prove damages because of the trial court’s ruling that insufficent foundation had been laid to allow entry of a computer print out showing the balance due on the lease.
 

 Plaintiff now argues that the summary judgment should have been granted as defendant Wate failed to respond to the motion for summary judgment.
 
 [1]
 
 Third
 
 *[736]
 
 party defendants argue that plaintiff failed to serve its motion on all adverse parties as required by statute
 
 [2]
 
 and rules of the District Court of Jackson County.
 
 [3]
 

 This court has held that the denial of a motion for a summary judgment is not appealable.
 
 Hoy v. Jackson,
 
 26 Or App 895, 554 P2d 561, Sup Ct
 
 review denied
 
 (1976). An order denying a summary judgment "* * * does not determine anything about the merits of the action or suit, nor does it in anyway prevent a judgment therein.”
 
 Hoy v. Jackson supra
 
 at 898.
 

 
 *[737]
 
 The fact that the denial of a summary judgment is not appealable because of its interlocutory nature does not necessarily preclude review of the denial of a summary judgment after a final order in the case has been entered. The majority of jurisdictions, however, hold that the denial of a summary judgment cannot be reviewed. 15 ALR3d 899, 922-25 (1967).
 

 The rule in federal courts
 
 [4]
 
 is that orders denying motions for summary judgments are not reviewable.
 
 Boyles Galvanizing & Plating Co. v. Hartford Acc. & Ind. Co.,
 
 372 F2d 310 (10th Cir 1967);
 
 Dutton v. Cities Services Defense Corp.,
 
 197 F2d 458 (8th Cir 1952). The federal cases seem to say that a denial of summary judgment is not itself appealable; it is not even reviewable on appeal from a final'judgment in the case.
 

 Several state courts have reached the issue of the reviewability of the denial of a motion for a summary judgment. Although the majority agree that the denial of summary judgment is not reviewable there is no clear consensus as to the reasoning to reach that result.
 

 In
 
 Home Indemnity Co. v. Reynolds & Co.,
 
 38 Ill App2d 358, 187 NE2d 274 (1962), the court refused to review the denial of a motion for summary judgment on the grounds of unfairness. Although the court recognized the unfairness to a party who was wrongfully denied a summary judgment it concluded:
 

 "The greater injustice would be to the party which would be deprived of the jury verdict. Otherwise, a decision based on less evidence would prevail over a verdict reached on more evidence and judgment would be taken away from the victor and given to the loser despite the victor having the greater weight of evidence. This would defeat the fundamental purpose of judicial inquiry.”
 
 Home Indemnity Co. v. Reynolds & Co.,
 
 38 Ill App2d at 366.
 

 
 *[738]
 
 In
 
 Bell v. Harmon,
 
 284 SW2d 812 (Ky 1955), the court reasoned:
 

 "The Federal appellate courts have recognized the limited scope of summary judgment procedure, and have consistently cautioned trial courts against granting motions for summary judgment if any doubt exists as to the right of a party to a trial. To hold that there may be a review of the trial court’s determination that a party is entitled to a trial would be inconsistent with this admonition to proceed cautiously when granting a summary judgment. It would put the appellate court in the position of trying the question of doubt in the mind of the trial judge. We do not think this would be proper review.
 

 "Our refusal to review an order denying a summary judgment can in no sense prejudice the substantive rights of the parly making the motion since he still has the right to establish the merits of his motion upon the trial of the cause. If the contrary were held, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on an interlocutory motion.” 284 SW2d at 814.
 

 Our analysis of the issue brings us to the same conclusion.
 

 Affirmed.
 

 [1]
 

 "(4) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be
 
 *[736]
 
 supplemented or opposed by depositions, answers to interrogatories or further affidavits. When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must.set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” ORS 18.105(4).
 

 [2]
 

 "(3) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A symmary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.” ORS 18.105(3).
 

 [3]
 

 "Copies of all papers filed in a cause must be served on the attorney for the adverse party whenever such party has appeared by attorney, or if the party appears in person, then on such party.” Rule 2.14, Rules of the District Court for the County of Jackson.
 

 "The certificate of an attorney of record for the party, endorsed on any motion, pleading, or other paper, a copy of which is required to be served, to the effect that a true copy thereof has been duly served on the adverse party, stating the time and place, or written admission of such adverse party, or his attorney of record, is sufficient proof of the service of said copy, in the absence of anything contrary. Nothing herein contained is intended to affect any requirement of any statute as to the service of papers, however,
 
 no motion or issue of law shall be settled, except by consent of all parties, unless a copy thereof shall have been served as aforesaid
 
 and any motion, demurrer, or other pleading in the file without evidence of such service may be stricken from the file.” (Emphasis added.) Rule 2.15, Rules of the District Court for the County of Jackson.
 

 [4]
 

 Oregon’s Summary Judgment statute is taken directly from the Federal Rules of Civil Procedures, therefore the Federal interpretation of those rules is to be given considerable weight.
 
 Hoy v. Jackson supra
 
 at 897.