Argued and submitted July 13, affirmed October 10, 1984

# MOUNTAIN FIR LUMBER CO., INC.,
*Appellant,*

*v.*

# TEMPLE DISTRIBUTING CO.,
*Respondent,*

*v.*

# RICHMOND et al,
*Respondents.*

(15994; CA A29423)

688 P2d 1378

G. Kenneth Shiroishi, Portland, argued the cause for appellant. With him on the briefs was Morrison, Dunn, Carney, Allen & Tongue, Portland.

Jas. Jeffrey Adams, Portland, argued the cause for respondent Temple Distributing Co. With him on the brief was Mitchell, Lang & Smith, Portland.

James H. Gidley, Portland, waived appearance for respondents R. M. Richmond and R. F. Richmond, dba Richmond's Service.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for property damage resulting from a fire caused by the ignition of gasoline while defendant Temple Distributing Co. was transporting it in a gasoline delivery truck. We use the term defendant in this opinion to refer to Temple Distributing Co., the only defendant that appeared in the appeal. Defendant interposed an affirmative defense of contributory negligence, based on plaintiff's storage of combustible logging debris on its property. Plaintiff moved for a partial summary judgment on the affirmative defense, contending that, as a matter of law, it was entitled to the use and enjoyment of its property and that its exercise of that right could not constitute contributory negligence under the facts alleged. The trial court denied the motion. At trial, the jury found defendant's comparative fault to be 75 percent and plaintiff's 25 percent. Plaintiff appeals, assigning the denial of its motion for partial summary judgment as error.

■ The dispositive issue is whether a trial court's denial of a motion for summary judgment is reviewable[1] in an appeal from a judgment entered after trial. Defendant relies on *All-States Leasing v. Pacific Empire Land Corp.*, 31 Or App 733, 571 P2d 192 (1977), which defendant argues answered that question in the negative. Plaintiff understands *All-States Leasing*—probably correctly—as

> "* * * only [standing] for the proposition that an appellate court will not review a denial of a motion for summary judgment when such denial is based on the trial court's determination that a question regarding a material fact exists and that this issue can only be resolved by the trier of fact."

Plaintiff argues that there should be no corresponding limitation on review when the motion raises only a substantive legal issue, as plaintiff contends was the case here.[2]

---

[1] We emphasize that the issue here is whether the denial of the motion is *reviewable* when there is an appeal from a final judgment following trial. It is well established that the denial of a motion for summary judgment is not *appealable* before there is a final judgment. *Hoy v. Jackson*, 26 Or App 895, 554 P2d 561, *rev den* 276 Or 735 (1976).

[2] Defendant does not agree that the trial court's ruling was necessarily based on the legal question, and it argues that there were material factual questions that required denial of the motion. Given the basis for our holding, we assume but do not

Plaintiff relies on *Thunderbird Motel v. City of Portland,* 40 Or App 697, 596 P2d 994, *rev den* 287 Or 409 (1979), where a partial summary judgment was allowed against the plaintiff early in the trial court proceedings. After the issues that were not resolved by the summary judgment had been decided adversely to the plaintiff, a final decree of dismissal was entered and the plaintiff appealed. We said that the plaintiff was entitled to "raise all issues which it preserved and which were decided adversely to it at any stage of the proceedings, including those which were determined by the partial summary judgment order." 40 Or App at 702. *Thunderbird* does not resolve the issue in this case, because the question addressed there was whether the issues decided by the *allowance* of the partial summary judgment were reviewable on the appeal from the final judgment. However, the real point plaintiff makes is that the denial of its motion comes within the general principle of appellate review that all preserved intermediate rulings of the trial court are reviewable after an appeal is taken from a final judgment.

Defendant disagrees, and argues:

"* * * [P]laintiff did not in fact raise the issue [addressed by its partial summary judgment motion] at trial, whether by a motion for directed verdict, motion for judgment notwithstanding the verdict, or any other motion.

"* * * The effect of plaintiff's failure to seek to obtain a ruling at trial on this issue is that the trial court was never presented with the opportunity to rule on the question in light of all the evidence presented at trial. * * * [U]pon denial of its motion for partial summary judgment, it was incumbent upon plaintiff to renew the legal ground at trial. Having failed to do so, plaintiff is not now in a position to complain on appeal."

There is much to be said for defendant's argument. Given plaintiff's premise that its motion for summary judgment raised only the legal question of whether its alleged conduct could constitute contributory negligence, the function of the motion was identical to that of a motion to strike. It has been held that the denial of a pretrial motion to strike an allegation cannot be the predicate for an assignment of error on appeal unless the moving party also moves at trial to take the allegation from the jury or in some other way gives the

___

decide that plaintiff is correct in arguing that the trial court's decision necessarily turned on its resolution of a question of law.

trial court the opportunity to correct any error in the pretrial ruling. *See Arney, Gohn v. City of North Bend,* 218 Or 471, 475-76, 344 P2d 924 (1959), and authorities cited there.[3]

However, we think that a more fundamental question of reviewability is involved here than the preservation principles on which defendant relies. We held in *Cochran v. Connell,* 53 Or App 933, 632 P2d 1385, *rev den* 292 Or 109 (1981), and later cases, that, when a final judgment is entered after one party's cross-motion for summary judgment has been allowed and the other's denied "and the record is clear that no issue of fact genuinely exists, no reason precludes this court from granting summary judgment for the appellant." 53 Or App at 939. Unlike *Cochran,* where the issues were refined to purely legal ones and one party or the other was entitled to prevail as a direct result of *our* resolution of questions of law, the rationale for our decision in *All-States Leasing* was:

> "In *Home Indemnity Co. v. Reynolds & Co.,* 38 Ill App2d 358, 187 NE2d 274 (1962), the court refused to review the denial of a motion for summary judgment on the grounds of unfairness. Although the court recognized the unfairness to a party who was wrongfully denied a summary judgment it concluded:
>
>> " 'The greater injustice would be to the party which would be deprived of the jury verdict. Otherwise, a decision based on less evidence would prevail over a verdict reached on more evidence and judgment would be taken away from the victor and given to the loser despite the victor having the greater weight of evidence. This would defeat the

---

[3] The court stated in *Richards v. Dahl,* 289 Or 747, 618 P2d 418 (1980):

"Defendants also contended in their motion for summary judgment that plaintiff's complaint failed to state a cause of action. A motion for summary judgment is not the appropriate procedure to raise this issue; it should be raised in a responsive pleading or motion to dismiss, ORCP, Rule 21A. However, as this issue can be raised for the first time as late as on appeal, we will consider defendants' contention." 289 Or at 752.

Although plaintiff's argument *may* necessarily *presuppose* that defendant's affirmative allegation fails to state a defense, we do not understand plaintiff to rely on the theory that defendant's pleading is defective or to contend that we should consider its argument because it can be raised for the first time on appeal rather than because the trial court's denial of the motion for partial summary judgment is reviewable. We are aware of no controlling authority holding that this court *must, on its own motion,* reach questions that the parties *might* have raised on appeal about the sufficiency of a complaint or answer to state a claim or defense.

fundamental purpose of judicial inquiry.' *Home Indemnity Co. v. Reynolds & Co.,* 38 Ill App2d at 366.

"In *Bell v. Harmon,* 284 SW2d 812 (Ky 1955), the court reasoned:

" 'The Federal appellate courts have recognized the limited scope of summary judgment procedure, and have consistently cautioned trial courts against granting motions for summary judgment if any doubt exists as to the right of a party to a trial. To hold that there may be a review of the trial court's determination that a party is entitled to a trial would be inconsistent with this admonition to proceed cautiously when granting a summary judgment. It would put the appellate court in the position of trying the question of doubt in the mind of the trial judge. We do not think this would be proper review.

" 'Our refusal to review an order denying a summary judgment can in no sense prejudice the substantive rights of the party making the motion since he still has the right to establish the merits of his motion upon the trial of the cause. If the contrary were held, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on an interlocutory motion.' 284 SW2d at 814.

"Our analysis of the issue brings us to the same conclusion." 31 Or App at 737.[4]

The present case differs from *Cochran* and *All-States Leasing.* As in the former, the issue plaintiff asks us to review is a legal one; as in the latter, the appeal is from a judgment entered after trial rather than after the granting of summary judgment for the respondent. As explained by the authorities from which we quoted in *All-States Leasing,* there are compelling reasons why post-trial review should be unavailable when summary judgment is denied on the basis of the trial judge's

---

[4] The rationale for the *All-States Leasing* decision seems to be limited to situations in which the trial court has denied a motion on the ground that fact questions exist and the subsequent trial has resulted in a verdict for the nonmoving party. The facts in *All-States Leasing* might have supported a broader holding. The plaintiff moved for summary judgment, and the trial court denied the motion notwithstanding the defendant's failure to file a responsive affidavit. The plaintiff sought review of the denial after trial, where

"* * * plaintiff was unable to prove damages because of the trial court's ruling that insufficient foundation had been laid to allow entry of a computer print out showing the balance due on the lease." 31 Or App at 735.

determination that questions of fact exist. Even if the determination was wrong at the time the court ruled on the motion, it would nevertheless be a systematic perversion for the nonmoving party's inability to show the existence of a fact question at the summary judgment stage to deprive it of a judgment after a trial at which it established that questions of fact existed and prevailed on them.

The reasons for extending the post-trial non-reviewability principle to denials of motions that raise only substantive legal questions are less graphic, but we find them equally persuasive. As the court noted in *Bell v. Harmon,* 284 SW2d 812, 814 (Ky 1955), summary judgment is limited in scope and purpose and, after a motion for summary judgment is denied, "the party making the motion * * * still has the right to establish the merits of his motion upon the trial of the cause." Those propositions are as true in connection with questions of law as questions of fact.

The purpose of summary judgment is to eliminate unnecessary trials when no question of material fact exists and when the moving party is entitled to judgment as a matter of law. *See Garrison v. Cook,* 280 Or 205, 209-10, 570 P2d 646 (1977). It is *not* the purpose of the summary judgment procedure to provide an unsuccessful movant with an alternative to a plenary trial, or with an alternative record on which to rely on appeal. After a motion for summary judgment has been denied, rightly or wrongly, a trial *is* necessary and no systematic benefit would be gained by allowing a party to rest on his denied motion rather than requiring that it participate and make its legal and factual case in that trial. We hold that the denial of a motion for summary judgment is not reviewable in an appeal from a judgment entered after trial, and we therefore do not reach the substantive merits of plaintiff's assignment of error.

Affirmed.