Argued and submitted October 1, reversed and remanded to Court of Appeals
November 5, 1985
See 80 Or App 255 (1986)

## PAYLESS DRUG STORES NORTHWEST,
*Respondent on Review,*

*v.*

## BROWN et al,
*Petitioners on Review.*

(TC 83-1-1014; CA A30985; SC S31832)

708 P2d 1143

Peter Fels, Oregon Legal Services Corp., Pendleton, filed the petition for petitioner on review.

Leslie Swanson, Harrang, Swanson, Long & Watkinson, Eugene, Oregon, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

Payless Drug Stores Northwest filed a complaint demanding damages under ORS 30.875(2) from the parents of an unemancipated minor in their custody who took merchandise without intending to pay the purchase price.[1] Defendants filed a second amended answer and counterclaim, alleging, among other things, that ORS 30.875 violates the constitutions of Oregon and of the United States in a number of respects. They also filed a motion for summary judgment demanding dismissal of plaintiff's claim, invoking their constitutional objections. The trial judge denied the motion, stating his view that the statute is constitutional, and ultimately entered judgment on a jury verdict for plaintiff.

■ ■    On appeal, defendants assigned as one error the denial of their motion for summary judgment on constitutional grounds. Plaintiff raised no procedural objection; it proposed an alternative statement of the constitutional question on appeal. The Court of Appeals, however, on its own motion declined to consider this assignment of error. 73 Or App 90, 92, 698 P2d 45 (1985). We allowed review.

The Court of Appeals wrote:

"* * * We will not, however, review the denial of a motion for summary judgment in an appeal from a judgment entered after trial. *Mt. Fir Lumber Company v. Temple Dist. Co.,* 70 Or App 192, 198, 688 P2d 1378 (1984)."

73 Or App at 92. The court continued by noting that defendants did not again invoke their constitutional claim in support of their later motion for directed verdict, which the

---

[1] ORS 30.875(2) provides:

"The parents having custody of an unemancipated minor who takes possession of any merchandise displayed or offered for sale by any mercantile establishment, or who takes from any real property any agricultural produce kept, grown or raised on the property for purposes of sale, without the consent of the owner, and with the intention of converting such merchandise or produce to the minor's own use without having paid the purchase price thereof, or who alters the price indicia of such merchandise shall be civilly liable to the owner for actual damages, for a penalty to the owner in the amount of the retail value of the merchandise or produce not to exceed $250, plus an additional penalty to the owner of not less than $100 nor more than $250. Persons operating a foster home certified under ORS 418.625 to 418.645 are not liable under this subsection for the acts of children not related to them by blood or marriage and under their care."

court considered necessary to preserve defendant's constitutional claim on appeal.

Beyond the "preservation principle," the Court of Appeals in *Mt. Fir Lumber Company v. Temple Dist. Co., supra,* quoted other opinions to the effect that refusing to review a denial of summary judgment may be unfair to a party whose motion should have been granted, but that it would be more unjust to set aside a jury verdict supported by substantial evidence rendered after a full trial because the trial court should have given the opposing party summary judgment on less evidence. 70 Or App at 196, quoting from *All-States Leasing v. Pacific Empire Land Corp.,* 31 Or App 733, 737, 571 P2d 192 (1977). This view makes sense when the decision of a case hinges on facts that are presented for determination in a trial after denial of summary judgment. An assertion that a plaintiff has not pleaded a claim on which relief may be granted should properly be raised by a motion to dismiss, ORCP 21A., or for judgment on the pleadings, ORCP 21B., rather than by a motion for summary judgment. The proper basis of a motion for summary judgment is that there is no disputed issue of material fact. ORCP 47C. If the trial court is in doubt on that score before the trial, there are new occasions for persuading the court when the evidence is in.

The argument for demanding a second, post-trial motion is weaker when a party moving for summary judgment claims that it must win under the law no matter what the facts may show, as the *Mt. Fir Lumber Company* court recognized. The court nevertheless concluded that in order to be raised on appeal, the purely legal claim must be repeated, because

"[i]t is *not* the purpose of the summary judgment procedure to provide an unsuccessful movant with an alternative to a plenary trial, or with an alternative record on which to appeal, [and] no systematic benefit would be gained by allowing a party to rest on his denied motion rather than requiring that it participate and make its legal and factual case in that trial."

*Id.* at 198 (emphasis in original).The opposite question might as well be asked, however, whether anything is gained by *denying* the right to rest on a purely legal contention once it has been squarely presented and rejected and to rely on that record on appeal.

Here the point in dispute was the constitutionality of

ORS 30.875, not merely the constitutionality of applying the statute to the facts in this case. The constitutionality of a law as enacted is rarely if ever dependent on facts, least of all on the kind of facts denominated as "adjudicative facts" in the Oregon Evidence Code (Rule 201(a)) and subject to being proved by evidence. This is so because almost all laws are written to govern numerous concrete situations under circumstances that may change over time. When a constitutional attack rests on showing facts surrounding the enactment of a law, such as improper purposes (as distinct from effects) to discriminate against interstate commerce, or against a racial group, or to aid a religion, in an Oregon court these are not "adjudicative facts" dependent on evidence introduced into a trial record.[2] Similarly, it is improper to "try" an issue of statutory interpretation by taking evidence of legislative history or remembered intent of legislators either in person or by affidavit; recorded materials bearing on such an issue are properly presented in legal memoranda or argument, and the court is not limited to examining the material presented. The argument for requiring a party to renew a purely legal contention after trial therefore does not apply to such issues. The facts concerning a particular administration or application of a law, of course, may be "adjudicative facts" to be proved if disputed.

The Oregon Rules of Appellate Procedure state that

---

[2] United States District Courts, unlike state courts, do not authoritatively speak for a state in interpreting or ascribing purposes to the state's laws and therefore may need evidence of impermissible purposes beyond what may be admitted or apparent from legislative records. For contrasting examples, *see Kassel v. Consolidated Freightways,* 450 US 662, 667-78, 101 S Ct 1309, 67 L Ed 2d 580 (1981), *id.* at 681-84 (Brennan, J., concurring)(*compare id.* at 702-05 and n 13 (Rehnquist, J., dissenting)), *Minnesota v. Clover Leaf Creamery Company,* 449 US 456, 475-77, 101 S Ct 715, 66 L Ed 2d 659 (1981)(Powell, J., concurring)(*compare id.* at 480-85, 488 (Stevens, J., dissenting)), and *Boston Stock Exchange v. State Tax Comm'n,* 429 US 318, 325-28, 97 S Ct 599, 50 L Ed 2d 514 (1977) (discrimination against interstate commerce); *Arlington Heights v. Metro. Housing Corp.,* 429 US 252, 266, 97 S Ct 555, 50 L Ed 2d 450 (1977), and *Reitman v. Mulkey,* 387 US 369, 378-79, 87 S Ct 1627, 18 L Ed 2d 830 (1967)(racial discrimination); *Wallace v. Jaffree,* ___ US ___, 105 S Ct 2479, 86 L Ed 2d 29, 44 (1985), and *Epperson v. Arkansas,* 393 US 97, 89 S Ct 266, 21 L Ed 2d 228 (1968)(establishment of religion in the schools).

Whether an impermissible purpose or motive invalidates a law irrespective of an actual effect is a much-discussed question, *see, e.g.,* Symposium, *Legislative Motivation,* 15 San Diego L Rev 925-1183 (1978), although a constitution addressed to legislators would seem directed to their choice of purposes when a law is under consideration at least as much as to the law's eventual, perhaps unintended, effects.

"[a]lleged errors will not be considered on appeal unless preserved in the lower court and assigned as error in the appellant's or cross-appellant's brief," unless the reviewing court chooses to take notice of an obvious error. ORAP 7.19. The rule says nothing of another requirement beyond that of preserving and assigning the alleged error. In this case, the trial court clearly understood and ruled upon defendants' constitutional contention. The contention was directed against the validity of ORS 30.875 in principle, regardless of the facts in this case. Evidence at trial would not aid or defeat the contention, although of course a verdict for defendants might moot it. Plaintiff did not object to consideration of the assignment of error on appeal; in fact, in oral argument plaintiff disclaimed any objection to its consideration and decision.

The merits of the defendants' constitutional claims, however, were not argued to this court, and the Attorney General stated that he did not participate on review because the petition for review argued only the procedural issue.[3] We therefore reverse the Court of Appeals and remand the case to that court for consideration of defendants' first assignment of error.

---

[3] The Attorney General's authority to defend the constitutionality of a statute is implicit in ORS 28.110 (requiring service on Attorney General in declaratory judgment challenges to a statute) and ORS 180.060(1)(a) (directing Attorney General to appear in appellate courts in the "trial" of causes in which the state may be directly or indirectly interested), although the present appeal is not a declaratory proceeding or a trial.