Argued and submitted March 24, reversed on appeal, affirmed on cross-appeal
June 4, reconsideration denied July 25, petition for review allowed
September 23, 1986 (302 Or 35)

ERICKSON AIR-CRANE COMPANY,
*Respondent - Cross-Appellant,*

*v.*

UNITED TECHNOLOGIES CORPORATION,
*Appellant - Cross-Respondent.*

UNITED TECHNOLOGIES CORPORATION,
*Appellant,*

*v.*

SILVER GRIZZLY TIMBER COMPANY, LTD.,
*Respondent.*

(A8305-03355; CA A34839)

720 P2d 389

Jonathan M. Hoffman, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Joan L. Volpert and Stephanie L. Striffler and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Arden Shenker, Portland, and Stephen J. Fearon, New York, New York, argued the cause for respondent - cross-appellant Erickson Air-Crane and respondent Silver Grizzly Timber Company. With them on the briefs were Joseph C. Freeman III and Tooze Marshall Shenker Holloway & Duden, Portland, and Stephen R. Stegich III and Condon & Forsyth, New York, New York.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Plaintiff purchased a helicopter from defendant, the manufacturer, in 1971. It crashed on June 5, 1981, while being operated by plaintiff's lessee. One person was killed in the accident, and another was injured; the helicopter was destroyed. Plaintiff commenced this action in May, 1983, seeking damages for the loss of the helicopter. Defendant filed a third-party complaint against the lessee of the craft, seeking contribution. The jury found all parties negligent and returned a verdict against defendant in the amount of $7,404,775 and against the third-party defendant in the amount of $555,358. Defendant appeals, assigning six errors.[1]

There is evidence that the cause of the crash was the failure of the sixth compressor disk in the number one engine. The parties agree that that disk had a useful safe life of 4,000 hours and that, at the time of the accident, it had been used for 4,385.5 hours. Plaintiff alleged that, in 1977, defendant had provided it with a chart to aid in overhaul and maintenance of the engine that indicated that the disk had a useful life of 6,000 hours. There is also evidence that plaintiff had in its files a copy of the FAA's type certificate for the engine, which indicated the correct useful safe life of the disk, and that plaintiff's maintenance director was aware of it. Plaintiff claimed that defendant was negligent in providing the chart in 1977 with erroneous information and in failing to warn plaintiff that the 6,000 hour figure was erroneous and that use of the helicopter beyond the 4,000 hour limit was dangerous. The case was submitted to the jury only on this negligence claim.[2]

■■ In its first assignment of error defendant contends that the trial court erred in denying its motion for summary judgment made on the ground that the claim is barred by the statute of ultimate repose for product liability actions, ORS

---

[1] Plaintiff cross-appeals. Because of our disposition on the appeal, we do not need to reach the issues raised by the cross-appeal.

[2] Plaintiff's other claims for breach of warranty, misrepresentation, fraud and deceit were stricken by the court before trial. The trial court also granted defendant a directed verdict on plaintiff's strict liability claim. Plaintiff does not take issue with those rulings.

30.905.[3] Plaintiff responds that this is not a product liability action but only a negligence action to which the Statute of Limitations for negligent injury to property, ORS 12.115, applies and that, accordingly, the action was commenced timely, within 10 years of the delivery of the chart in 1977. The theory on which plaintiff brings the claim, however, is not determinative. The statute of repose for product liability actions is not limited to claims of strict liability but applies as well to claims of negligence. *Marinelli v. Ford Motor Co.,* 72 Or App 268, 696 P2d 1, *rev den* 299 Or 251 (1985).

■■    The first issue is whether this is a "product liability civil action." ORS 30.900 provides:

"As used in ORS 30.900 to 30.920, 'product liability civil action' means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1)   Any design, inspection, testing, manufacturing or other defect in a product;

"(2)   Any failure to warn regarding a product; or

"(3)   Any failure to properly instruct in the use of a product."

We conclude that this is a product liability civil action. Plaintiff's allegation that the accident was caused by defendant's improper maintenance instruction states a claim for failure properly to warn or to instruct concerning the product. It does not matter that the only "property damage" for which recovery is sought is the destruction of the product itself. *Russell v. Ford Motor Company,* 281 Or 587, 575 P2d 1383 (1978).

■    ORS 30.905(1) provides:

"Notwithstanding ORS 12.115 or 12.140 and except as provided in subsections (2) and (3) of this section, a product liability civil action shall be commenced not later than eight

---

[3] Ordinarily, we will not review the denial of a motion for summary judgment after there has been a trial on the merits. *Mt. Fir Lumber Company v. Temple Dist. Co.,* 70 Or App 192, 198, 688 P2d 1378 (1984). The denial of a motion for summary judgment is reviewable, however, when the motion presents a purely legal question. *Payless v. Brown,* 300 Or 243, 708 P2d 1143 (1985). In this case, there were no disputed issues of fact regarding the relevant dates. The only issue is whether this is a product liability action to which ORS 30.905 applies. That is a purely legal issue.

years after the date on which the product was first purchased
for use or consumption."

That section measures the period within which a product
liability action must be commenced from the date of the first
purchase of the product for use or consumption. It does not
refer to any negligent act or omission of the manufacturer
which may occur before or after the date of purchase. Refer-
ence to a negligent act or omission as the time when the
Statute of Limitations commences to run in a product liability
action is expressly prohibited by the introductory language,
"[n]otwithstanding ORS 12.115 * * *."[4] Plaintiff's attempt to
invoke ORS 12.115 to measure the limitation period from the
date of defendant's negligent instruction also fails because of
the language of ORS 12.115(2) that "[n]othing in this section
shall be construed to extend any period of limitation otherwise
established by law * * *." This action is barred by ORS
30.905(1), because it was commenced more than eight years
after the product was first purchased for use. If this result is
harsh, it is nevertheless required by the express language of
ORS 30.900 and 30.905.

Plaintiff's reliance on *Giglio v. Connecticut Light &
Power Co.,* 180 Conn 230, 429 A2d 486 (1980), does not
advance its position. The defendant in that case converted a
coal furnace to gas operation in 1959. The defendant also
installed a safety switch in September, 1961. This switch was
allegedly defective in that it failed to indicate whether the
pilot light was on. The plaintiff was injured when she opened
the furnace door to inspect the pilot light. The plaintiff had
complained to the defendant several times after September,
1961, at which times "repeated instructions and advice [were]
given to the plaintiff by the defendant." 180 Conn at 242. In
holding that the action was commenced timely in 1968, the
court measured the eight-year statute of ultimate repose from
the date of "sale, lease or bailment" of the defective switch

---

[4] ORS 12.115 provides:

"(1) In no event shall any action for negligent injury to person or property of
another be commenced more than 10 years from the date of the act or omission
complained of.

"(2) Nothing in this section shall be construed to extend any period of
limitation otherwise established by law, including but not limited to the limita-
tions established by ORS 12.110."

and *not* from the allegedly negligent advice and instructions the defendant gave subsequent to that date. *Giglio* does not support plaintiff's argument that the statute of repose should be measured not from the date of first purchase but from the date of a subsequent negligent instruction.

In *Dague v. Piper Aircraft Corp.,* 275 Ind 520, 418 NE2d 207 (1981), the plaintiff's decedent died in a plane crash in 1978. The plane was first purchased in 1965. The plaintiff claimed the accident was caused by the defendant's negligent failure to warn of a dangerous feature of the plane and sought to escape the bar of Indiana's 10-year statute of repose for product liability actions by arguing that the defendant had a continuing duty to warn of defects, which it breached within 10 years of the commencement of the action in 1979. The Supreme Court of Indiana rejected the argument that the defendant's breach of a duty properly to warn subsequent to the sale allowed the plaintiff to escape the statutory bar.

> "* * * Irrespective of the defendant's continuing duty to warn of any latent defects of which it had knowledge, and its alleged continuing breach of that duty * * * plaintiff's cause of action for such negligence did not accrue until her decedent was harmed. This, of course, occurred more than 10 years after the plane was placed in the stream of commerce. * * *" 275 Ind at 528. (Citation omitted.)

Likewise, the claim in this case that defendant was negligent in failing to instruct plaintiff in the proper maintenance of the engine is barred by the statute of repose. ORS 30.905(1) expresses the legislature's intention to bar product liability actions commenced more than eight years after the first purchase of the product, and the trial court erred in denying defendant's motion for summary judgment made on that ground.

Reversed on appeal; affirmed on the cross-appeal.