## 22560

Willie HOLLOMAN, as Administrator of the Estate of Karen Yvette Troy, Deceased, Respondent v. Gloria McALLISTER, American Employers' Insurance, and State Farm Mutual Automobile Insurance Company, Defendants, of whom Gloria McAllister is Respondent, and State Farm Mutual Automobile Insurance Company is Appellant. Appeal of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(345 S. E. (2d) 728)

Supreme Court

Louis D. Nettles, of Nettles & Nettles, Florence, for appellant.

S. Porter Stewart, II of Yarborough, Lewis, Weaver & Stewart, Florence, for respondent Willie Holloman.

Gloria McAllister, pro se.

Heard Feb. 26, 1986.

Decided June 9, 1986.

Per Curiam:

This action for a declaratory judgment involves permissive use under the omnibus clause of an automobile insurance policy. The Circuit Court denied State Farm Mutual Insurance Company's (State Farm's) motions for summary judgment and directed verdict.

We affirm.

Gloria McAllister (McAllister), while driving an automobile belonging to James Harrison (Harrison) and insured by State Farm, struck and killed a child pedestrian. Willie Holloman (Holloman), as administrator of the child's estate, brought a wrongful death action against McAllister. He received a default judgment of $22,000 and brought the present action against McAllister, State Farm and American Employers' Insurance (AEI), the alleged uninsured motorist carrier. Holloman later took a voluntary non-suit against AEI.

State Farm denied liability on the ground McAllister was not using the vehicle with Harrison's express or implied consent. See S. C. Code Ann. § 56-9-810 (2) (1976). State

Farm's pre-trial motion for summary judgment was denied. At the close of all the evidence at the trial, State Farm moved for a directed verdict, alleging Holloman had presented no evidence of permissive use. The trial judge denied the motion, and the jury found McAllister had driven the automobile with Harrison's consent.

On appeal, Holloman concedes Harrison did not give McAllister *express* permission to drive his automobile. The dispute here is limited to whether Harrison gave *implied* permission.

State Farm contends, first, that the trial court erred in denying its motion for summary judgment. It asserts there was no issue of material fact as to whether McAllister had permission to drive Harrison's automobile and that it was entitled to summary judgment as a matter of law.

We find it unnecessary to decide this evidentiary issue.

A majority of states considering the question holds that the *denial* of a motion for summary judgment is not reviewable on appeal from the trial of a case on its merits. The summary judgment process is deemed a purely procedural device for the expeditious disposition of cases. *See Bankers Trust of South Carolina v. Benson*, 267 S. C. 152, 226 S. E. (2d) 703 (1976).

Courts have reasoned as follows:

(1) Hearing the case on its merits moots the issue of whether the motion was properly denied. *Talmadge v. Talmadge*, 241 Ga. 609, 247 S. E. (2d) 61 (1978); *Preferred Risk Mutual Ins. Co. v. Thomas*, 153 Ga. App. 154, 264 S. E. (2d) 662 (1980).

(2) The denial of a motion for summary judgment followed by a full hearing or trial on the merits may be likened to a denial of a motion for a directed verdict at the conclusion of a plaintiff's proof. In either case, the deficiencies existing at the time of the motion may well have been supplied by the evidence at a full trial of the issues. *Bigney v. Blanchard*, 430 A. (2d) 839 (Me. 1979).

(3) Appellate review of orders denying motions for summary judgment could lead to an absurd result: one who has sustained his position after a full trial and a more complete presentation of the evidence might nev-

ertheless find himself losing on appeal because he failed to prove his case fully at the time of the motion. *All-States Leasing Co. v. Pacific Empire Land Corp.,* 31 Or. App. 733, 571 P. (2d) 192 (1977).

We agree with the reasoning cited above and· hold that the denial of a motion for summary judgment before trial is not reviewable after a trial of a case on its merits. This position is consistent with the limited scope of the summary judgment procedure, which we recognize is an extreme remedy to be cautiously invoked. *See* cases cited in 12 West's South Carolina Digest *Judgment,* Key No. 181(4).

State Farm next contends the evidence of record at trial was insufficient to create a jury issue of *implied* permission for McAllister's use of Harrison's automobile. We disagree.

In reviewing the denial of a directed verdict motion, the evidence is viewed in the light.most favorable to the non-moving party. If more than one reasonable inference can be drawn from the evidence, the motion is properly denied. *Riddle v. Pitts,* 283 S. C. 387, 324 S. E. (2d) 59 (1984).

In the light most favorable to Holloman, the evidence shows the following:

> On the morning of the accident, McAllister, after having a tooth filled, was picked up at her dentist's office by Harrison. Riding as passengers in Harrison's car were McAllister's boyfriend, Marion Scott (Scott), and Harrison's girlfriend, Judy McAllister.
>
> The four rode to the trailer home of an acquaintance. After a period of time, McAllister wanted to leave because of pain in her tooth. She testified that Harrison was seated next to Scott on a sofa which faced the front door; that she removed Harrison's car keys from a stereo and gave them to Scott; that after Scott continued his conversation with others, he released the keys to her; that she went outside, cranked the car, revved the engine, drove the car back and forth for five to ten minutes; that she then drove away; that nothing *prevented* Harrison from seeing and hearing any of these activities.

From the testimony, the jury reasonably could have inferred Harrison had *actual knowledge* of McAllister's intent to use his automobile and that he took no steps to prevent her from doing so.

In *Cooper v. Firemen's Fund Ins. Co.*, 252 S. C. 629, 167 S. E. (2d) 745 (1969), this Court held that implied permission requires something more than mere sufferance or tolerance and that an owner need not take steps to prevent the use of an automobile. However, where, as here (viewing the evidence in the light most favorable to Holloman), the owner has *actual knowledge* that a person intends to use his car and remains silent, an inference arises from which a jury may find the ensuing use is with the owner's implied permission. *See also Allstate Ins. Co. v. State Farm Mut. Ins. Co.*, 260 S. C. 350, 195 S. E. (2d) 711 (1973) (implied permission may arise from mutual acquiescence or a lack of objection under circumstances signifying assent).

Accordingly, the judgment of the trial court is

Affirmed.