Submitted on remand from the Oregon Supreme Court June 25, affirmed on appeal and cross-appeal October 7, reconsideration denied November 27, petition for review denied December 30, 1987 (304 Or 680)

## ERICKSON AIR-CRANE COMPANY,
*Respondent - Cross-Appellant,*

*v.*

## UNITED TECHNOLOGIES CORPORATION,
*Appellant - Cross-Respondent.*

## UNITED TECHNOLOGIES CORPORATION,
*Appellant,*

*v.*

## SILVER GRIZZLY TIMBER COMPANY, LTD.,
*Respondent.*

(A8305-03355; CA A34839)

743 P2d 747

Jonathan M. Hoffman, Joan L. Volpert, Stephanie L. Striffler and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, for appellant - cross-respondent.

Arden Shenker, Joseph C. Freeman III and Tooze Marshall Shenker Holloway & Duden, Portland, and Stephen J. Fearon, Stephen R. Stegich III and Condon & Forsyth, New York, New York, for respondent - cross-appellant Erickson Air-Crane and respondent Silver Grizzly Timber Company.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This case is on remand from the Supreme Court. 303 Or 281, 735 P2d 614, 303 Or 452, 736 P2d 1023 (1987). In our opinion, 79 Or App 659, 720 P2d 389 (1986), we determined that plaintiff's claim was barred by ORS 30.905(1), the statute of ultimate repose for product liability actions. The Supreme Court reversed, holding that ORS 30.905 applies only to acts, omissions or conditions occurring on or before the date that the product was first purchased. Acts or omissions after that date are governed by ORS 12.115. The Supreme Court remanded the case to us to consider the remaining issues.

Erickson Air Crane (Erickson) brought this action for damages for the loss of a helicopter manufactured by United Technologies Corporation (UTC). We need not repeat the facts, which are set out in our previous opinion. UTC alleged as an affirmative defense that Erickson was contributorily negligent. At trial there was evidence that Erickson had failed to comply with federal aviation regulations by failing to maintain records of life-limited parts, 14 CFR § 91.173(a)(2)(ii), and to make certain that the aircraft conformed to type certificate data sheets. 14 CFR § 91.171(b). UTC moved for a directed verdict that Erickson was negligent as a matter of law.

■      UTC's motion was really a motion to withdraw an issue from the jury. That would correctly have been done by requesting a peremptory instruction that, as a matter of law, Erickson violated a regulation. Before we could reverse for failure to so instruct, UTC would have to assign error to the failure to give a proper peremptory instruction. UTC did not do so.[1]

■      However, there was no error in the trial court's denial of the motion by which UTC tried to establish Erickson's contributory negligence as a matter of law. To establish negligence *per se*, the injured party must be within the class intended to be protected by the legislation, and the risk must be within the risk intended to be avoided. *Kathren v. Olenik,* 46 Or App 713, 723, 613 P2d 69 (1980); *see Roach v. Kelly*

---

[1] UTC does assign error to the instruction which the court did give on negligence *per se.* Any error in the instruction was harmless as to UTC, because we determine that negligence *per se* did not apply under the facts of this case.

*Health Care,* 87 Or App 495, 742 P2d 1190 (1987). Because UTC sought a ruling that Erickson was *contributorily* negligent *per se,* the test is whether Erickson, as the injured party, is within the protected class. We do not agree with UTC that the maintenance regulations were intended to protect Erickson from economic loss.[2] They are for the protection and safety of pilots, passengers and persons on the ground. *See French v. C.A.B.,* 378 F2d 468, 471 (10th Cir 1967). They were not intended as a legislative determination of the standard of conduct in an action for economic damages between a purchaser and a manufacturer.

UTC next assigns error to the trial court's failure to strike the opinion evidence of Erickson's damage expert, Simat, the former chief economist for the Civil Aeronautics Board. UTC does not challenge Simat's qualifications as an expert but rather the methodology by which he arrived at a value for the helicopter.[3] UTC argues that the standard methods for valuation are cost, comparable sales and net income capitalization, but that Simat created a fourth and unreliable method, using gross revenue. Erickson responds that the market place determines the value of an aircraft by its revenues and that Simat's method recognizes that the helicopter was a unique instrument which was extremely lucrative for logging and construction activity.[4]

■■ A trial court has discretion in the admission of expert testimony. *See Yundt v. D & D Bowl, Inc.,* 259 Or 247, 259, 486 P2d 553 (1971). UTC argues, however, that Simat's opinion should not have been admitted, because his capitalization formula was not based on net income. UTC relies on *Highway Commission v. Nunes et al,* 233 Or 547, 379 P2d 579 (1963), a condemnation proceeding in which the Supreme Court considered whether capitalization of income could be used to arrive at the value of real property. The court determined that

---

[2] UTC also assigns as error that its allegations of negligence *per se* were stricken against Silver Grizzly, which had leased the helicopter at the time of the crash. Silver Grizzly, like Erickson, is not within the class to be protected, and the doctrine does not apply.

[3] Simat valued the helicopter at $16,000,000. UTC's expert assigned a value of $3.6 million. The jury determined that it was worth $10,000,000.

[4] The design of the Sky Crane helicopter was uniquely suited to aerial logging operations.

the method could be used, but only when the computation made allowance for costs, variations in prices of materials, rising and falling of income and other appropriate factors. UTC argues that Simat's analysis did not consider appropriate factors because, among other flaws, he did not take into account that Erickson's income came not only from helicopter logging, but also from buying, logging, transporting and selling logs.

The trial court concluded that the weight of Simat's testimony was for the jury to evaluate. We agree. As the court noted in *Highway Commission v. Nunes et al, supra,* 233 Or at 558:

"The capitalization method or any other method of evaluation is merely a rough guide in estimating the value of property. It is recognized that the appraisal of property involves a considerable amount of guesswork. And at the litigation stage the uncertainties are compounded because the appraisals frequently reflect the bias of the witnesses. But an estimate must be made and the courts must do the best they can with an imperfect method." (Footnote omitted.)

We conclude that the court did so here. Simat's calculations did not employ all the factors set forth in *Highway Commission v. Nunes,* but in this situation Simat and defendants' experts were valuing a chattel which was out of production. Simat testified extensively as to how he derived his formula and concluded that the value of the helicopter was equivalent to the gross revenue capitalized at a certain rate. UTC's experts attacked the data which Simat used and detailed the claimed flaws in the methodology. The jury was thus provided with a background against which to assess the valuation and was instructed to consider the weight of the opinion testimony. We cannot say that an expert, qualified to give an opinion, may not do so, as a matter of law, because the weight to be given the opinion is subject to serious challenge. We hold that there was no abuse of discretion in admitting the testimony.[5]

---

[5] UTC's damages expert was impeached by the use of documents not produced in response to UTC's request for production. UTC argues that the trial court should have stricken the testimony or given a limiting instruction. ORCP 43 provides that a trial court "*may* make such orders in regard to the failure [to produce] as are just." (Emphasis supplied.) Although the trial court found that Erickson's counsel had been deceptive, we cannot say that, in the context of this lengthy trial, the court abused its discretion in declining to impose sanctions.

■  On cross-appeal[6] Erickson urges that it should be awarded prejudgment interest or, as it would term the award, "delay damages." It argues that interest can be computed here, because there is a date certain on which the loss of the helicopter occurred and the jury determined the helicopter to be worth $10,000,000. Prejudgment interest has been awarded in other jurisdictions in tort cases and, Erickson says, in the interest of fairness and as an encouragement to the settlement of cases, prejudgment interest should be awarded here.

We do not agree. The general rule is that prejudgment interest is not available in most tort actions, because the damages are usually not ascertainable until judgment is entered. *Bollam v. Fireman's Fund Ins. Co.,* 76 Or App 267, 275, 709 P2d 1095 (1985); *rev'd on other grounds,* 302 Or 343, 730 P2d 542 (1986). The Oregon cases on which Erickson relies for prejudgment interest in a tort action do not support an exception to that rule in this case. In *Lindland v. United Business Investments,* 69 Or App 151, 684 P2d 614, *rev'd on other grounds,* 298 Or 318, 693 P2d 20 (1984), we determined that the interest awarded in an action for breach of fiduciary duty should *not* be characterized as statutory prejudgment interest, because the plaintiff was entitled to interest by the terms of a contract. In *Bollam* we allowed prejudgment interest because, unlike the usual tort case, the parties tried the case on the theory that, if the defendant were liable, its liability was for an established amount. Here, on the contrary, there was no agreed or established amount of damages until the jury returned its verdict. The amount of the damages was a fiercely contested issue. Prejudgment interest was not appropriate, and there was no error.

Affirmed on the appeal and on the cross-appeal.

---

[6] Because of our disposition on appeal, we need not address Erickson's and Silver Grizzly's second assignment of error on cross-appeal.