Monte CARPENTER, Mary Carpenter, Rodney Carpenter, Teresa Carpenter, and Carpenter Dairy, Plaintiffs,

v.

LAND O' LAKES, INC., a Minnesota corporation, Cenex Ag, Inc., a Minnesota corporation, Cenex, Ltd., a Minnesota corporation, Cenex/Land O'Lakes Agronomy Co., a Minnesota corporation, Land O' Lakes/Cenex Ag., Inc., a Minnesota corporation, Defendants.

No. CIV. 94–1566–FR.

United States District Court,
D. Oregon.

Nov. 19, 1997.

David F. Sugerman, Paul & Sugerman, P.C., Portland, OR, Dennis Messoline, Salem, OR, for Plaintiffs.

William Davis, Paul R. Xochihua, Abbott, Davis, Rothwell, Mullin & Earle, P.C., Portland, OR, for Defendants.

## OPINION AND ORDER

FRYE, District Judge.

Before the court is the motion of defendant Land O' Lakes, Inc. for reconsideration of economic damage award (# 124) and the motion of the plaintiffs for reconsideration of noneconomic damages (# 127).

## BACKGROUND

This case was tried to the court from June 10, 1997 through June 20, 1997. The court filed its findings of fact and conclusions of law on August 27, 1997. The parties have raised damages issues for the court to reconsider before entering a final judgment.

### 1. *The Issue of Noneconomic Damages*

The court found that under the laws of the State of Oregon, the plaintiffs were not entitled to noneconomic damages for the emotional distress they suffered after the dairy cows ate the moldy feed, but that the plaintiffs were entitled to damages for the emotional distress they suffered when certain dairy cows fell against them. The plaintiffs

ask the court to reconsider its findings and to award damages to them for the entire emotional distress they suffered for all events relating to the feeding insult suffered by their dairy herd.

 The following statement from *Curtis v. MRI Imaging Servs. II*, 148 Or.App. 607, 622, 941 P.2d 602, *rev. allowed*, 326 Or. 62, 944 P.2d 949 (1997), is relevant:

> Here ... plaintiff did not suffer mental distress as a secondary consequence of some economic loss occasioned by defendants' negligence. That is, this is not a case in which defendants' negligence caused economic loss that, in turn, generated emotional distress. Rather, plaintiff's psychic distress, as alleged, was the direct consequence of plaintiff's physical confinement and the concomitant violation of his psychic integrity.

The majority of the mental distress suffered by the Carpenters was caused by the economic loss that they suffered or the economic loss that they feared would continue. Oregon law does not award damages for this type of emotional distress. The court declines to change its ruling.

### 2. *Economic Loss*

Land O' Lakes moves the court to reduce its award of damages for decreased milk production from $39,045.00 to $32,189.15 and to reduce its award for the replacement of heifers by $19,220.00.

The statistic for pounds of milk per cow lost per day was calculated based on all cows, whether capable of producing milk or not. There was no evidence to the contrary. The court declines to change its ruling concerning lost milk production.

Concerning the value of the heifers, the court found that a top quality heifer costs $1,300.00, and that Monte Carpenter purchased replacement heifers for the average price of $1,161.00. The court used the lower figure, the actual price paid, when calculating the damages. The court has considered Land O' Lakes' argument concerning replacing lost calves with heifers and declines to lower this damages award.

### 3. *Damages to be Awarded*

| | |
|---|---:|
| noneconomic damages—Monte Carpenter | $ 2,500.00 |
| noneconomic damages—Rodney Carpenter | $ 2,500.00 |
| property damage | $ 7,827.00 |
| veterinary bills | $ 5,109.73 |
| decreased milk production | $ 39,045.00 |
| replacement heifers | $ 65,016.00 |
| loss of sale of male calves | $ 2,850.00 |
| Total | $124,847.73 |

From this total must be subtracted $12,000.00, which the Carpenters received from the sale of culls. Monte Carpenter is entitled to noneconomic damages in the sum of $2,500.00; Rodney Carpenter is entitled to noneconomic damages in the sum of $2,500.00; and the plaintiffs are entitled to economic damages in the sum of $107,847.73.[1]

### 4. *Prejudgment Interest*

 The plaintiffs ask the court to award prejudgment interest on the award of economic damages. Land O' Lakes objects, contending that economic damages are not readily ascertainable.

 A party is entitled to prejudgment interest beginning when the amount due became ascertained or readily ascertainable. *Klokke Corp. v. Classic Exposition, Inc.*, 139 Or.App. 399, 410, 912 P.2d 929, *rev. denied*, 323 Or. 690, 920 P.2d 549 (1996); ORS 82.010(1)(a). The general rule is that prejudgment interest is not awarded in tort actions because damages are not ascertainable until the judgment is entered. *Erickson Air–Crane Co. v. United Techs. Corp.*, 87

---

1. In its Findings of Fact and Conclusions of Law, the court was off by $1.00 in its award of economic damages, stating that the economic damages were $107,848.73.

Or.App. 577, 582, 743 P.2d 747, *rev. denied,* 304 Or. 680, 748 P.2d 142 (1987).

Economic damages in this case were not readily ascertainable until finally determined by the court. The court declines to award prejudgment interest.

## CONCLUSION

The motion of defendant Land O' Lakes, Inc. for reconsideration of economic damage award (# 124) and the motion of the plaintiffs for reconsideration of noneconomic damages (# 127) are GRANTED in that the court has carefully reconsidered the contentions of the parties as to these issues but declines to change its rulings.

Judgment shall be entered.