Argued July 12, affirmed July 23, 1971

BEZOFF, *Appellant, v.* CRATER LAKE
MOTORS, INC., *Respondent.*

486 P2d 1274

*Joel B. Reeder,* Medford, argued the cause for appellant. With him on the brief was Thomas J. Reeder, Medford.

*Allan B. deSchweinitz,* Medford, argued the cause for respondent. With him on the brief were Haviland, deSchweinitz & Stark, Medford.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is an action to recover damages for personal injuries which plaintiff suffered in an automobile accident when the vehicle she was driving went out of control. The case was tried by the court without a jury and judgment was entered for the defendant. Plaintiff appealed.

Plaintiff purchased a used vehicle from defendant. She alleged that while she was driving the vehicle, the steering mechanism and the front end suspension became inoperable and that such condition resulted in her accident. The cause of action was stated in both negligence and strict liability.

According to plaintiff's testimony, defendant represented the vehicle to be in good condition and plaintiff, after purchasing it, took it back to defendant twice, at which times she complained there was a noise in the right side of the front end as well as a pulling to the right by the steering mechanism. She testified that the defendant checked the vehicle each time and assured her there was nothing wrong with it. She claimed that a few days subsequent to the time the vehicle was last checked, she was driving alone in the vehicle down the highway at a moderate rate of speed when, all of a sudden, the car failed to respond to the steering wheel and became completely unmanageable, thereby causing the accident.

The manner in which the vehicle steered and the noise were also testified to by a friend of plaintiff's. The plaintiff negatived any unusual use of the

vehicle between the time of the accident and when it was purchased some four months earlier.

As of the date of the accident, plaintiff had about one year's driving experience. Defendant offered invoices which indicated that plaintiff had returned the car twice for repairs. The invoices had a place for the signature of the person authorizing the work. One invoice was signed by plaintiff and the other, by her mother. Neither mentioned any complaint of the kind plaintiff said she made concerning a noise in the front end of the vehicle or the way it steered. Plaintiff said she received no invoice for the call she said she made shortly prior to the accident. There was evidence that when the plaintiff's history was taken at the hospital after the accident there was mention of a blowout of a tire and a broken tie rod. Defendant also offered testimony of an expert metallurgical engineer who said that he could not find anything wrong with the front end suspension and steering mechanism other than damage of the sort which would be caused by the impact of an accident.

The trial court entered a memorandum opinion from which it is apparent he was not convinced that the accident was caused by a defective condition of the vehicle. Plaintiff contends the trial court erred because there was no evidence to contradict plaintiff's testimony concerning the manner in which the accident occurred and that, if it so occurred, the cause of the accident was compatible only with a defect in the steering mechanism or in the front end suspension.

1, 2. The error in plaintiff's position is that there is no rule of law which requires the court to accept at face value plaintiff's testimony regarding the manner in which the accident occurred. Whether uncontra-

dicted evidence can be disbelieved depends upon the nature of the issue in the particular case which the testimony purports to resolve. Two important factors in determining whether the trier of the facts should be permitted to disbelieve a witness and to draw an inference contrary to the uncontradicted testimony are "(1) the availability of evidence to contradict the witness's statement, and (2) the likelihood that the witness's interest in the litigation may tempt him to testify falsely." *Schmitz v. Yant,* 242 Or 308, 317-18, 409 P2d 346 (1965) ; *Rickard v. Ellis,* 230 Or 46, 52, 368 P2d 396 (1962). When the above-enumerated factors are applied, it is clear that the trier of the facts was not required to find in conformance with plaintiff's uncontradicted testimony concerning the manner in which the accident occurred.

In the absence of the trier of the fact's being convinced that a defect in the vehicle was a cause of the accident, plaintiff is not entitled to recover whether her cause is one for negligence or strict liability.

The judgment of the trial court is affirmed.