# WARM SPRINGS FOREST PRODUCTS INDUSTRIES,
*Appellant,*

*v.*

# RIMROCK RANCH, INC. et al,
*Respondents.*

(35016; CA A36705)

730 P2d 1255

Ronald L. Marceau, Bend, argued the cause for appellant. With him on the briefs were Dennis C. Karnopp and Johnson, Marceau, Karnopp, Petersen & Nash, Bend.

No appearance for respondent Rimrock Ranch, Inc.

David Brewer, Eugene, argued the cause for respondents

The Murphy Company and Transamerica Insurance Company. With him on the brief were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover the unpaid balance due from Rimrock Ranch, Inc., under an agreement for the sale of logs from plaintiff to Rimrock, and to recover on a payment bond under which defendant The Murphy Company (Murphy) is the principal and defendant Transamerica is the surety.[1] Plaintiff originally alleged that defendants were guarantors of Rimrock's performance. During trial, plaintiff moved to amend its complaint to allege that, under the bond, "Murphy assumed the obligation to pay for timber pursuant to the contract" between plaintiff and Rimrock and that Transamerica guaranteed Murphy's performance. The trial court denied the motion at the time of trial, but later allowed the amendment in the memorandum opinion by which it announced its decision. It then awarded plaintiff a judgment against Rimrock but denied it relief from Murphy and Transamerica. Plaintiff appeals, assigning the latter ruling as error. We reverse and remand.

The payment bond states, as material:

"KNOW ALL MEN BY THESE PRESENTS, that we, THE MURPHY COMPANY principal and TRANSAMERICA INSURANCE COMPANY, a CALIFORNIA corporaion, surety, are held and firmly bound unto WARM SPRINGS FOREST PRODUCTS INDUSTRIES hereinafter called the Obligee, in the penal sum of * * * ONE HUNDRED TWENTY FIVE THOUSAND AND NO/100 --------------($125,000.00) DOLLARS for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents.

"THE BOND is made with the understanding that the principal has entered into or assumed a certain contract with the obligee for the purchase of timber.
    "ORDER # 0027 [by Rimrock from plaintiff]."

The trial judge treated plaintiff's amendment as an

---

[1] Murphy has some ownership in common with but is a separate entity from Murphy Overseas, Ltd. Some of the logs which plaintiff sold to Rimrock were to be resold to Murphy Overseas. Plaintiff was concerned about Rimrock's financial condition and sought security from Murphy as a condition of selling logs to Rimrock.

Rimrock has not appeared in the appeal. The term "defendants" in this opinion refers to Murphy and Transamerica.

abandonment of its theory that Murphy was a guarantor and as alleging that Murphy was a "primary obligor." The court concluded that plaintiff had not proved that Murphy was liable on that new theory and that Transamerica was therefore not liable as Murphy's surety. Plaintiff now argues, *inter alia,* that it did not abandon its guaranty theory. Defendants argue, *inter alia,* that plaintiff did change its theory, is now attempting to change it back and should not be permitted to do so. The short answer to that disagreement is that, whether or not plaintiff abandoned its guaranty theory, the theory does not succeed. The bond can be read as creating only one of two relationships between plaintiff and Murphy: either that of an obligee and principal obligor or, through the "entered into or assumed" language, that of contracting parties. Neither construction permits the conclusion that Murphy is a guarantor.

■     Plaintiff's alternative argument is stronger. The trial court stated in its opinion:

> "Plaintiff also contends that the language of the bond, aside from whether Murphy received a benefit, should be construed so that Murphy is considered to have assumed the obligation of Rimrock to pay on the contract. It cannot be so construed. If it could be, it could only be construed as an assumption to be obligated only for the portion of the logs to be purchased by [Murphy Overseas]. If so construed, I cannot determine the portion of those logs for which payment has not been made."

Plaintiff does not agree that the bond cannot be construed as constituting an assumption by Murphy of Rimrock's obligations under its agreement with plaintiff. Plaintiff states:

> "[T]he payment bond recites that Murphy Company as 'principal' has 'entered into or assumed a certain contract with the [plaintiff] for the purchase of timber.' These recitations * * * are tied directly to the only timber purchase contract in the world that plaintiff and Murphy Company were involved with — the Rimrock log purchase contract."

Although we do not agree that the bond *must* be construed as an assumption by Murphy of Rimrock's obligations, we hold that it *can* be so construed and that extrinsic evidence must be considered to resolve the question. The question is not answered by the trial court's statement that, if the bond could be construed as an assumption of the Rimrock obligations, the assumption could only extend to logs to be

resold to Murphy Overseas. The language of the bond does not dictate that limitation as a matter of law, whether or not it can support a finding that the parties intended such a limited assumption.

Plaintiff argues that no proceedings on remand are necessary and that we should reverse and remand with instructions to the trial court to enter judgment for it. We disagree. There are numerous questions of fact that must be answered, including, as examples, those noted in our opinion and those raised by defendants' affirmative defense that plaintiff and Rimrock altered material terms of the bond without Murphy's or Transamerica's consent.

Reversed and remanded on plaintiff's claim against Murphy and Transamerica; otherwise affirmed.