# WARM SPRINGS FOREST PRODUCTS INDUSTRIES,
*Appellant,*

*v.*

# RIMROCK RANCH, INC., et al,
*Respondents.*

(35016; CA A47355)

770 P2d 958

R. L. Marceau, Bend, argued the cause for appellant. With him on the briefs were Dennis C. Karnopp and Marceau, Karnopp, Peterson, Noteboom & Hubel, Bend.

No appearance for respondent Rimrock Ranch, Inc., dba Pine Ridge Forest Products.

Jeffrey E. Potter, Eugene, argued the cause for respondents Murphy Company and Transamerica Insurance Company. With him on the brief were David V. Brewer and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals from a judgment denying its claim on a payment bond, assigning as error the trial court's failure to make special findings of fact as well as its general finding in favor of defendants. We affirm.

Plaintiff brought this action to recover the unpaid balance due on a contract for the sale of logs from plaintiff to defendant Rimrock[1] and to recover on a payment bond under which defendant The Murphy Company (Murphy) was the principal and defendant Transamerica was the surety.[2]

The payment bond states, in part:

"KNOW ALL MEN BY THESE PRESENTS, that we, THE MURPHY COMPANY principal and TRANSAMERICA INSURANCE COMPANY, a CALIFORNIA corporation, surety, are held and firmly bound unto WARM SPRINGS FOREST PRODUCTS INDUSTRIES hereinafter called the Obligee, in the penal sum of *** ONE HUNDRED TWENTY FIVE THOUSAND AND NO/100 --------------------($125,000.00) DOLLARS for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents.

"THE BOND is made with the understanding that the principal has entered into or assumed a certain contract with the obligee for the purchase of timber. ORDER # 0027.

"NOW THEREFORE, if the principal shall make timely payments to the Obligee as provided in said contract, of the amounts due for timber and any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety is hereby waived, then this obligation shall be void; otherwise it shall remain in full force and effect."

This case has previously been before us. In *Warm Springs Forest Prod. Ind. v. Rimrock Ranch,* 83 Or App 175,

---

[1] Plaintiff's claim against Rimrock was allowed by the trial court, and that judgment is not at issue here. Rimrock has not appeared in this appeal. The term "defendants" in this opinion refers only to Murphy and Transamerica.

[2] Some of the logs that plaintiff sold to Rimrock were to be resold to Murphy Overseas, Ltd., a company having some ownership in common with Murphy. Plaintiff was concerned about Rimrock's financial condition and sought security from Murphy as a condition of selling logs to Rimrock.

730 P2d 1255 (1986), *rev den* 302 Or 658 (1987), we reversed the trial court's determination that the payment bond language could not be construed as an assumption by Murphy of Rimrock's obligation to pay on the contract and remanded the case for determination of the parties' intent.[3]

Plaintiff is incorrect in its contention that our previous remand constituted an order that the trial court make special findings. We instructed the trial court to consider extrinsic evidence and to resolve questions of fact, but we did not require the court to answer those questions in the form of special findings. Because plaintiff did not request special findings before trial, the trial court had the discretion to make either general or special findings. ORCP 62A. We assume that the court found facts consistent with its judgment in favor of defendants. *Harpole v. Paeschke Farms, Inc.,* 267 Or 592, 598, 518 P2d 1023 (1974); *St. Paul Fire and Marine Ins. v. Valley Ins.,* 93 Or App 457, 459, 762 P2d 1048 (1988).

Plaintiff has failed to demonstrate that the trial court erred.[4] Although it presented uncontradicted evidence that it required the payment bond as a precondition of its agreement to sell any logs to Rimrock, that evidence does not compel a finding that the parties intended the payment bond to cover logs not ultimately resold to Murphy. Plaintiff presented no evidence that either it or Murphy manifested an intent for the payment bond to cover the entire sale to Rimrock; in fact, plaintiff's evidence was to the effect that there was no communication between it and Murphy before the payment bond was signed. Plaintiff also argues that the language of the payment bond dictates a conclusion that Murphy assumed Rimrock's obligation to pay for all the logs, but the evidence of the parties' intent presented on this question is in conflict. There is evidence to support the trial court's conclusion.

Affirmed.

---

[3] Plaintiff failed to present any additional evidence on remand, choosing instead to rely on the evidence previously adduced at trial.

[4] In order to prevail on this appeal, plaintiff must demonstrate that the trial court was required to find the assumption that plaintiff alleges. Defendants could prevail even if they had presented no evidence at all. *See* OEC 305; *Bezoff v. Crater Lake Motors, Inc.,* 259 Or 449, 451-52, 486 P2d 1274 (1971).