Argued and submitted May 10, reversed in part; otherwise affirmed July 14, 1993

# ROGUE FEDERAL CREDIT UNION,
a corporation,
*Respondent,*

*v.*

## Carol A. PHILLIPS
and Donald Lee Phillips,
*Appellants,*

*and*

### Brian S. PHILLIPS,
*Defendant.*

(91-2181-L-1; CA A75792)

855 P2d 1146

David V. Gilstrap, Ashland, argued the cause for appellants. With him on the briefs was Ainsworth, Davis, Gilstrap, Harris & Balocca, P.C., Ashland.

Tonia L. Moro, Medford, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff credit union brought this action against Carol and Donald Phillips (defendants) and their 17-year-old son after the son stole a check from his parents, forged his mother's signature and made the check payable to himself and then presented the check to plaintiff. Plaintiff's claim against defendants is based on ORS 30.765,[1] which, at the time the son forged the check, provided in part:

"(1) In addition to any other remedy provided by law, the parent or parents of an unemancipated minor child shall be liable for actual damages to person or property caused by any tort intentionally committed by such child. * * *

"(2) The legal obligation of the parent or parents of an unemancipated minor child to pay damages under this section shall be limited to not more than $5,000, payable to the same claimant, for one or more acts."

The court granted plaintiff's motion for summary judgment and entered judgment against both the son and defendants. The judgment awarded damages of $2,200 in actual damages as the face amount of the check, punitive damages of $1,500, attorney fees of $2,937 and costs of $176.

Only defendants appeal. They admit that plaintiff is entitled to a judgment against them for the sum of $2,200 for actual damages, together with $176 in costs. They argue that the trial court erred, as a matter of law, in awarding judgment against them for punitive damages, attorney fees, or any amount in excess of $5,000. We reverse in part.

Plaintiff argues that defendants failed to preserve any claim of error. The only issue before the court on the summary judgment motion was defendants' liability, which they disputed on the ground that their son was emancipated at the time he forged the check. After the court granted summary judgment, plaintiff delivered the proposed judgment to the judge for signature on the same day that it was mailed to defendants' counsel for possible objection. The judge signed the judgment on that day, and it was entered three days later. Defendants then filed their objections to the

---

[1] Oregon Laws 1991, chapter 968, section 5, amended ORS 30.765 to increase the limit of liability to $7,500. The amendment applied to causes of action arising after September 29, 1991. The cause of action here arose in October, 1990.

inclusion of punitive damages, prejudgment interest, attorney fees and excessive damages by filing a motion for relief from judgment and objection to judgment. Those motions were pending when the notice of appeal was filed. On this record, defendants preserved their claims of error.[2]

■ ■ We agree with defendants that the court erred in entering a judgment against them that included punitive damages. Punitive damages are allowed to punish a willful, wanton or malicious wrongdoer and to deter that wrongdoer and others similarly situated from like conduct in the future. *Honeywell v. Sterling Furniture Co.*, 310 Or 206, 797 P2d 1019 (1990). Plaintiff's claim against defendants was based on the statutory liability of ORS 30.765. There was no allegation that defendants had engaged in any egregious or even negligent conduct. Rather, the complaint alleged that it was the son's conduct that was of a type that was "deterrable by punitive damages." Plaintiff's allegations do not show how defendants could be liable for punitive damages in connection with that conduct. *See Wilson v. Tobiassen*, 97 Or App 527, 777 P2d 1379, *rev den* 308 Or 500 (1989). The statute does not specifically authorize punitive damages, and we do not construe it to allow them under circumstances where they would not otherwise be recoverable.

■ Moreover, even assuming that defendants could be held liable for punitive damages on the basis of their son's conduct and that the evidence would support such an award, the court could not award those damages on summary judgment. An award of punitive damages is solely in the province of the factfinder at trial. As we said in *McGregor v. Barton Sand & Gravel*, 62 Or App 24, 29, 660 P2d 175 (1983):

> "It is true, as a general proposition, that factfinders are sometimes — albeit rarely — bound to find in accordance with uncontroverted evidence. *See Bezoff v. Crater Lake Motors, Inc.*, 259 Or 449, 486 P2d 1274 (1971). However, that proposition has no logical application in connection with punitive damages, where the factfinders' qualitative judgment of conduct is as relevant as the objective fact that the conduct occurred."

---

[2] We also note that defendants' answer contained what was labelled a "Motion to Dismiss," asking the court to dismiss "any claim other than a claim for actual damages," which alerted the court to defendants' objection to the claim for attorney fees and punitive damages.

■■ Defendants also argue that the court erred in entering judgment for attorney fees. ORCP 68(C)(2) requires a party seeking attorney fees to allege the facts, statute or rule that entitle it to attorney fees. Plaintiff's claim for attorney fees is based on its allegation that fees were incurred because plaintiff had to obtain the services of an attorney to pursue the action. However, a party is not entitled to attorney fees in the absence of a contract or statute conferring that right. *Biomass One, L.P. v. S-P Construction (A61560),* 103 Or App 521, 527, 799 P2d 152 (1990). Plaintiff's allegations, as a matter of law, do not permit an award of fees. The trial court also awarded prejudgment interest. Plaintiff concedes that that award was erroneous.

Award of prejudgment interest, punitive damages and attorney fees reversed; otherwise affirmed.