Argued and submitted January 29, affirmed May 23, 1990

HAGER,
*Appellant,*

*v.*

AMERICAN HONDA MOTOR CO., INC., et al,
*Defendants,*
*and*

BEAVERTON MOTORCYCLES, INC.,
dba Beaverton Honda,
*Respondent.*

(A8708-05092; CA A60192)

792 P2d 459

Richard A. Uffelman, Portland, argued the cause for appellant. With him on the briefs was Brown & Hansen, Portland.

John Folawn, Portland, argued the cause for respondent.

With him on the brief were Martin W. Jaqua and Holmes & Folawn, Portland.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

**GRABER, P. J.** pro tempore

Plaintiff brought this action for damages for personal injuries sustained in a motorcycle accident. He claimed that defendant was negligent in repairing the motorcycle before the accident.[1] The jury found in defendant's favor, and plaintiff appeals, assigning as error that the trial court allowed "defendant's expert to testify, over a timely hearsay objection." We affirm.

In September, 1986, plaintiff took his Honda motorcycle to defendant's repair shop to correct an oil leak in the front forks. The mechanic had to remove and replace a fork brace that is attached to, and lies between, the front forks. Shortly after that repair, plaintiff drove his motorcycle from Portland to southern California. On the return trip, just north of Grants Pass, the motorcycle became unstable. Plaintiff lost control, was thrown and suffered serious injuries.

At trial, plaintiff argued that defendant was negligent "[i]n failing to properly torque the bolts on the front fork brace[,] resulting in a loose fork brace[,] thereby causing plaintiff's motorcycle to become unstable and uncontrollable under normal operating conditions." Defendant called an accident reconstruction expert, Otto, who had expertise with respect to motorcycle stability problems. He gave his opinion that "[t]his particular fork brace is cosmetic, it's not a genuine mechanically necessary device."

Plaintiff assigns error to the admission of this testimony by Otto:

> "[Defendant's counsel]: Prior to your testimony today about your opinion that the function of that is cosmetic only and in addition to your own investigation, did you make any attempts to determine from people who are knowledgeable about the design of that fork brace as to what its function was?
>
> "Otto: Yes, I did.
>
> "[Defendant's counsel]: Okay, would you . . .
>
> "[Plaintiff's counsel]: Objection; hearsay.

---

[1] The trial court, by stipulation of the parties, dismissed the claims against the manufacturer and the seller of the motorcycle, who were originally named as defendants.

"The Court: Objection overruled.

"[Defendant's counsel]: Would you tell the jury, first of all, who you contacted?

"Otto: Sure, I talked to Joe Yates, who is a gentleman who works for me now. He used to work for Honda up until June of last year. Joe was with Honda for, I think, 7 or 8 years in the accident investigation group at Honda, and I also talked to Scott Neil. Scott is still in the accident investigation group at Honda and I asked them what the function of the fork brace was. Both of them talked additionally to other people at Honda to see if their impressions were correct.

"[Plaintiff's counsel]: May I have a continuing objection, your Honor, if he's going to speak to what they heard for third parties?

"The Court: Yes, sir.

"[Plaintiff's counsel]: Thank you.

"[Defendant's counsel]: Go ahead, Mr. Otto.

"Otto: Both of them verified that on this particular model, the function of the fork brace is cosmetic. They pointed out that in that model year, in '83, a lot of the Honda bikes had this style of fork brace installed for the first time and this particular type of fork brace was put on as a result of Honda's perception of the riding public seeing more and more road racers with external fork braces put on during, uh, in the front fork assembly; heavy, mechanically effective fork braces. In some of the Honda models that had antedive [phonetic] suspension systems, the fork braces are used mechanically. They are designed differently from this one. They are used mechanically to assist in preventing shear movement, and also on ones that had single front discs, they are again designed differently and are used to prevent shear movement in the fore and aft direction."

Plaintiff argues that that testimony by the expert witness "was both hearsay and hearsay upon hearsay, was highly prejudicial and denied plaintiff a fair trial." Even assuming that Otto's testimony was inadmissible hearsay, we conclude that any error was not prejudicial and does not require reversal.

We will not reverse a trial court for evidentiary error, unless the error affects a substantial right of a party. OEC

103;[2] *Powers v. Officer Cheeley,* 307 Or 585, 596-97, 771 P2d 622 (1989); *Payless Drug Stores v. Brown,* 73 Or App 90, 95, 698 P2d 45, *rev'd on other grounds* 300 Or 243, 708 P2d 1143 (1985), *on remand* 80 Or App 255, 722 P2d 31, *rev den* 302 Or 159 (1986). The admission of hearsay does not affect a substantial right of a party if the evidence is merely cumulative or if the result of the trial would not have been different had the testimony been excluded. *Powers v. Officer Cheeley, supra,* 307 Or at 597; *Travis v. Unruh,* 66 Or App 562, 565-66, 674 P2d 1192, *rev den* 297 Or 82 (1984).

■  Plaintiff had the burden to prove that defendant's mechanic did not properly tighten the fork brace and that that alleged failure caused his injuries. The only evidence that he proffered concerning causation was testimony from one expert witness who, unlike defendant's expert, did not perform extensive tests, did not ride the motorcycle, and had not ridden others of the same model, although he had ridden a similar model. Defendant countered with Otto, who cited various design features of the fork brace as the basis for his opinion that it had only a cosmetic function on plaintiff's model of motorcycle. He also testified, on the basis of circumstances surrounding the accident, that the accident was caused by an unstable load on the back of the motorcycle, underinflated tires, excessive speed, and plaintiff's reaction to the instability.

Plaintiff did not object to the admission of Otto's opinion or to those explanations of the support for it. Therefore, even if the court had excluded the hearsay testimony in question, Otto's opinion concerning the function of the fork brace, and his own observations underlying that opinion, would still be admissible. On this record, the result of the trial would not have been different if the trial court had excluded the testimony in question. Therefore, no substantial right of plaintiff was affected by admitting it.

Affirmed.

---

[2] OEC 103(1) provides, in pertinent part:

"Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]"