Argued and submitted February 27, reversed and remanded for new trial; probation revocation order reversed July 3, 1991

STATE OF OREGON,
*Respondent,*

*v.*

ALFRED LEROY PRESLEY, SR.,
*Appellant.*

(84-10-1369-C, 89-07-1598-C;
CA A62553 (Control), A62554)
(Cases Consolidated)

814 P2d 550

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for sexual abuse in the first degree. ORS 163.425. The issue is whether the trial court erred in admitting a statement made by the child victim while she slept. We reverse.

In March, 1989, Children's Services Division (CSD) received a tip that the seven-year-old daughter of defendant's wife had been abused. During an interview with a caseworker, the child described three separate incidents in which defendant, whom she calls "Daddy," had put his finger in her "pee-pee," referring to her vagina. After that interview, the child was removed from the home, placed in CSD's custody and housed in a foster home. At defendant's trial, the child's foster mother testified that, one night in June, the child cried out in her sleep, "Daddy, get off me. Daddy, stop, leave me alone."

■ Defendant assigns error to the admission of the foster mother's testimony, to which he objected at trial. He asserts that the nocturnal utterance was irrelevant and unfairly prejudicial. The state contends that the statements were a response to her memory of the abuse and thus relevant both to prove the fact of the alleged abuse and to rebut defendant's claim that the child's complaints were fabricated. At trial, the state offered the evidence under the "state of mind" exception to the hearsay rule, OEC 803(3), and on appeal contends that the "excited utterance" exception to the hearsay rule would also apply. OEC 803(2). We review the trial court's admission of evidence for abuse of discretion.

The admissibility of statements made while the declarant was sleeping presents a question of first impression in Oregon. Other jurisdictions are split on the issue. Some courts have admitted such statements in evidence on the ground that they are particularly apt to be truthful, since they "could not have been falsified by the unconscious or sleeping declarant;" other courts reject them on the ground that they are made without reasoning and, therefore, are not reflective of "the true thoughts of the declarant concerning actual events." *Annot.,* "Admissibility of Evidence Concerning Words Spoken While Declarant Was Asleep or Unconscious," 14 ALR 4th 802, 804 (1982 & 1989 Supp).

Although the admissibility of dream vocalizations is often analyzed under hearsay rules, we need not decide whether the evidence is inadmissible hearsay, because we conclude that it should have been excluded on relevancy grounds. The state argues that evidence of the utterance was properly admitted because it tends to prove defendant's guilt and tends to rebut his theory that child's claims were fabricated. However, the threshold question is whether a proper foundation was laid, in the form of preliminary proof, to *establish* its relevance. OEC 104(2) provides:

"When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

The Legislative Commentary to OEC 104 says:

"Subsection (2) recognizes that in some situations the relevance of an item of evidence depends upon the existence of a particular preliminary fact. * * * Relevancy in this sense has been labeled 'conditional relevancy.' Morgan, *Basic Problems of Evidence* 45-46 (1962). Problems arising in connection with it are to be distinguished from problems of logical relevancy treated under Rule 401." Kirkpatrick, *Oregon Evidence* 28 (1989 & 1990 Supp); *see also* McCormick, *Evidence,* § 54, 124-25 (1972).

After carefully reviewing the record, we have concluded that the relevance of child's utterance depended on the existence of underlying facts that were not established. The evidence simply failed to demonstrate a nexus between the child's vocalization and the alleged incidents. Most importantly, no testimony was presented to prove the actual dream imagery to which the child was responding. Instead, the jury was allowed to *infer* that the child was dreaming about defendant, that in the dream defendant was attacking or molesting her and that, because defendant had molested her in the dream, he had sexually abused her when she was awake. Only a mystic could have known the substance and significance of the dream in this case. The evidence itself could not support the factual inferences that the jury was permitted to make. *See State v. Stone,* 104 Or App 534, 539, 802 P2d 668 (1990). Even assuming that evidence of a dream vocalization could *ever* be admissible, which we need not decide, we hold that the foster mother's testimony should not

have been admitted.[1]

■      The state suggests that, even if admission of the challenged testimony was error, it was harmless. Although the state is correct that "[e]vidential error is not presumed to be prejudicial," OEC 103(1), in this case we cannot say that there was "little likelihood" that testimony regarding the child's statements changed the result of the trial. *State v. Carr,* 302 Or 20, 27, 725 P2d 1287 (1986); *Hager v. American Honda Motor Co., Inc.,* 101 Or App 640, 644, 792 P2d 459 (1990). In the absence of a limiting instruction, it is far more likely that the evidence evoked considerable sympathy for the child's distress. Given that a physical exam revealed no evidence of abuse, this case rested on a jury determination of who was more believable — the child or defendant. The foster mother's testimony clearly bolstered the child's credibility. Because defendant's conviction could well have been based, at least in part, on a poignant but unexplained nocturnal utterance, the admission of the foster mother's testimony constituted reversible error.

As a result of defendant's conviction, the trial court revoked his probation and imposed a sentence. Defendant challenged that action, and the two cases were consolidated for purposes of appeal. Because of our disposition of this case, the probation revocation and sentence are reversed and we need not discuss defendant's other assignments of error.

Reversed and remanded for a new trial; probation revocation order reversed.

---

[1] In the alternative, conditionally relevant evidence should be withdrawn from the jury's consideration when the underlying facts are not established. Kirkpatrick, *Oregon Evidence* 28 (1989 and 1990 Supp); *Menefee v. Blitz,* 181 Or 100, 179 P2d 550 (1947).